IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Phil Jemar Graham, | ) | Civil Action No. 4:11-3480-TLW |
| | ) | Cr. No. 4:05-1210 |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| The United States of America, | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Phil Jemar Graham (hereinafter "Petitioner" or "Defendant").

**BACKGROUND AND PROCEDURAL HISTORY**

On November 15, 2005, a federal grand jury indicted Petitioner in a 4-count indictment charging him with one count of conspiracy to possess with intent to distribute and distribution of 50 grams or more of crack, in violation of 21 U.S.C. § 846, and three counts of possession with intent to distribute and distribution of 5 grams or more of crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. # 2). On June 5, 2006, Petitioner pled guilty to the conspiracy count. (Docs. # 35 & 38). In his Presentence Investigation Report, ("PSI"), Petitioner was classified as a career offender, resulting in an advisory guideline range of 262 to 327 months. See PSI, paragraphs 22, 23, 27, 41, 61, 82. Although his status as a career offender automatically set his criminal history category at VI, the PSI also individually assessed criminal history points for his various convictions, including three criminal history points for his 1991 conviction for possession of cocaine. U.S.S.G. § 4B1.1(b); PSI, paragraphs 21, 41. The Government filed an Information pursuant to 21 U.S.C. §

1

851, based on Petitioner's multiple felony drug convictions, such that he was facing a mandatory sentence of life imprisonment. (Doc. # 33). However, pursuant to the plea agreement the Government withdrew all but one of the enhancements, such that Petitioner was no longer facing a Life sentence but a statutory minimum sentence. (Doc. # 35). Prior to his sentencing the Government filed a motion for downward departure based on Petitioner's substantial assistance. (Doc. # 46). On November 15, 2006, Petitioner was sentenced to 192 months imprisonment, to be followed by 10 years of supervised release. (Doc. # 47 & # 49). Petitioner filed a notice of appeal on December 28, 2006, and the Fourth Circuit affirmed on November 5, 2007. (Docs. # 51, 62, 66, 66-1). The judgement of the Fourth Circuit was entered on November 5, 2007. (Doc. # 66, 66-1). Petitioner did not file a petition for rehearing or for writ of certiorari. Subsequently, Petitioner filed various motions which this Court denied, except for the motion to compel a Rule 35(b) motion, which became moot when the Government filed a Rule 35(b) motion on Petitioner's behalf. (Docket Entries 64, 65, 67, 72, 73, 75). On February 1, 2011, this Court held a hearing on the Rule 35 motion and reduced Petitioner's sentence to 132 months imprisonment. (Docs. # 77 & 79).

Petitioner filed his current § 2255 Motion on December 20, 2011. (Doc. # 82). On January 4, 2012, the Government filed a motion to dismiss a supporting memorandum in opposition to Petitioner's petition. (Doc. # 83). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 5, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 84). Petitioner filed a response on January 24, 2012. (Doc. # 91). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set

aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved to dismiss Petitioner's Petition in its entirety. (Doc. # 83). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted

3

is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## DISCUSSION

Petitioner asserts a single ground for relief in his Petition set forth verbatim as follows:

Illegal Three points Enhancement in the Criminal History Category under 4A1.1(a). On August 5, 1991 Petitioner pled guilty to possession of cocaine in the South Carolina General Sessions Court of Horry County. The Petition was sentence[d] to 2 years suspended to 2 years probation for the State of South Carolina, which the United States Probation Officer determined the suspended sentence meets the criteria for a 3 points [sic] Enhancement under 4A1.1(a).

Petitioner's sole claim in his § 2255 Motion is that in his Presentence Investigation Report ("PSI") he was erroneously assessed three criminal history points under U.S.S.G. § 4A1.1(a) for his 1991 conviction for possession of cocaine. (Doc # 82, pp. 4, 12). He claims that his possession of cocaine conviction cannot warrant the assessment of three criminal history points under § 4A1.1(a) because it is not a felony conviction according to the Fourth Circuit's ruling in United States v.

4

Simmons, 649 F.3d 237 (4th Cir. 2011). The Government opposes Petitioner's motion and asks that this Court dismiss Petitioner's 28 U.S.C. § 2255 petition as untimely under the applicable statute of limitations.

28 U.S.C. § 2255 allows a prisoner claiming the right to be released on the basis that his sentence was imposed in violation of the Constitution or laws of the United Sates to move the Court in which his sentence was imposed to vacate, set aside, or correct the sentence. However, under 28 U.S.C. § 2255(f), a one-year period of limitation applies to any motion filed under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction became final over three years and ten months before he filed the current § 2255 motion-when the time for filing a writ of certiorari (90 days) expired. See Clay v. United States, 537 U.S. 522, 525 (2003)("[f]or the purpose of starting the clock on § 2255's one-year limitation period... a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Under Sup. Ct. R. 13(1) and (3), a petition for a writ of certiorari must be filed within 90 days after the entry of

judgement by the court of appeals, unless a petition for rehearing is timely filed, in which case the time runs from the denial of that petition, or if rehearing is granted, the subsequent entry of judgment. See also United States v. Hernandez, 436 F.3d 851, 856 (8th Cir.2006) (criminal defendant's conviction did not become "final" for the purposes of a section 2255 petition until ninety days after the court of appeal issued its ruling on direct appeal). In this case, the Fourth Circuit affirmed Petitioner's conviction and sentence on November 5, 2007, and the judgement was entered on that same date. (Docs. # 66, 66-1). Because Petitioner did not file a petition for rehearing or for writ of certiorari, his conviction became final ninety days later, on or about Monday, February 4, 2008. Petitioner had one year, specifically until February 4, 2009, in which to file his § 2255 Motion. However, Petitioner did not file his Motion until December 20, 2011, over three years and ten months after his judgment became final and approximately 2 years and 10 months after the one year statute of limitations under 28 U.S.C. § 2255(f)(1) expired. Thus, his § 2255 Motion is untimely under § 2255(f)(1).

Furthermore, none of the other three potential triggering dates set forth in Section 2255(f) apply to this case. Petitioner does not allege, much less establish, any newly discovered facts which would affect the starting date of the limitation period. Neither does he allege any unconstitutional or illegal action by the Government which prevented him from making his § 2255 Motion. Rather, Petitioner claims his Motion is timely under § 2255(f)(3) based on the Fourth Circuit's recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). However, Simmons does not trigger the application of § 2255(f)(3). Under § 2255(f)(3), a Supreme Court decision making a new right retroactive on collateral review would allow a prisoner to assert the right in a § 2255 motion brought within one year of the Supreme Court decision. However, Simmons is a Fourth Circuit decision, not a Supreme Court decision. Furthermore, the two Supreme Court decisions relied upon by the Fourth Circuit in Simmons, Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010) and United

States v. Rodriguez, 553 U.S. 377 (2008), have not been held to apply retroactively by either the Supreme Court or the Fourth Circuit.[1]

However, because the retroactivity of Carachuri-Rosendo v. Holder[2] may be debatable, the Court notes that even if Carachuri-Rosendo v. Holder was applied retroactively, Petitioner's § 2255 Motion would still be untimely because it was filed more than one year after the Supreme Court's decision. Carachuri-Rosendo v. Holder was decided on June 14, 2010, but Petitioner's § 2255 Motion was not filed until December 20, 2011, over 18 months later. Thus, the Court concludes that Petitioner's § 2255 Motion is untimely under § 2255(f)(3).

Furthermore, Petitioner has made no showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. See Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000). Petitioner has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 Motion, nor that any "extraordinary circumstances" beyond his control prevented him from filing his motion within the statute of limitations. Harris, 209 F.3d at 330. The Court's review of the record reveals no viable grounds to invoke equitable tolling.

Therefore, because Petitioner's § 2255 Motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, his Motion is untimely and should be dismissed on this basis.

The Court notes that even if it were to reach the merits of Petitioner's claim the Court would find that his claim must fail for several reasons. First, the Fourth Circuit's ruling in Simmons is

---

[1] Even district courts have been reluctant, based on the dearth of authority on this point, to apply these decisions retroactively. See Walker v. United States, 2011 WL 1337409, *3 (E.D.N.C. April 7, 2011); Powell v. United States, 2011 WL 32519, *4 (W.D.N.C. Jan. 4, 2011); Thomas v. Holland, 2011 WL 2446373, *4-5 (E.D.Ky. June 15, 2011); but see Farrior v. United States, 2011 WL 5830433, *2 (E.D.N.C. Nov. 17, 2011)

[2] Carachuri-Rosendo v. Holder is the most recent of these two relevant Supreme Court decision.

inapplicable to this case. Simmons concerned the unique sentencing regime that exists in North Carolina's state courts and has no application to Petitioner's South Carolina conviction for possession of cocaine. Second, there is no requirement in the Sentencing Guidelines that a conviction be classified as a felony to justify the assessment of three criminal history points. Rather, under U.S.S.G § 4A1.1(a), three criminal history points are added if the sentence of imprisonment exceeds one year and one month. Under § 4A1.2(k)(1) any term of imprisonment imposed upon a revocation of probation is included in the total period of imprisonment necessary to trigger a three point assessment under § 4A1.1(a). In other words, if the original sentence plus any imprisonment imposed upon revocation adds up to more than one year and one month, three criminal history points are added regardless of the classification of the conviction. In this case, although Petitioner's original sentence for his 1991 possession of crack conviction was suspended to 2 years of probation, that probation was revoked on May 15, 1992, and he was sentenced to 2 years imprisonment. PSI, paragraph 21. Thus, under §§ 4A1.1(a) and 4A1.2(k)(1), Petitioner was properly assessed three criminal history points for his 1991 conviction for possession of cocaine. Finally, even if this Court were to find that Petitioner was wrongly assessed three criminal history points for the 1991 crack conviction, it would have no impact on his criminal history category. Petitioner's status as a career offender automatically set his criminal history category at VI, regardless of the assessment of points for individual convictions. See U.S.S.G. § 4B1.1; PSI, paragraph 41.[3]

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss is **GRANTED** (Doc. # 83)

---

[3]Petitioner has also filed a "motion pursuant to correction of record United States Sentencing Guideline Manual" in which he raises the same issue that he raises in his § 2255 petition, i.e. that he believes the three criminal history points assessed for his possession of cocaine conviction in ¶ 21 of his PSI were incorrectly awarded. This motion is **DENIED** for the reasons set forth in the Court's analysis of the merits of Petitioner's § 2255 claim. (Doc. # 80).

and Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DISMISSED** (Doc. # 82).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

August 20, 2012
Florence, SC